**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants. | No. CV 20-00019-TUC-JGZ<br><br>**ORDER** |

Pending before the Court are Plaintiff's Objection to Defendant's Certification of Scope of Employment and Motion for Reconsideration. (Docs. 54, 63.) Plaintiff requests that the Court reconsider its May 12, 2021 ruling substituting the United States for Defendant Jose L. Medina and that the Court conduct a *de novo* review of the scope of employment certification issued by the Attorney General's designee. *See Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 875 (9th Cir. 1992) (district court may conduct *de novo* review of certification). Also pending before the Court are Plaintiff's Motion for Appointment of Counsel for Limited Purpose, Motion for Limited Discovery, Motion for Evidentiary Hearing, and Motion to Withdraw Interlocutory Appeal. (Docs. 55, 56, 57, 76.) The United States filed a response. (Doc. 75.) After *de novo* review, the Court will deny the motion for reconsideration, overrule Plaintiff's objection, and deny Plaintiff's remaining motions.

**I.   Background**

In his First Amended Complaint Plaintiff asserts tort claims of assault and intentional infliction of emotional distress, under Arizona state law, against Defendant Jose

L. Medina, a corrections officer at the United States Penitentiary-Tucson. (Doc. 24 at 19.) Plaintiff alleges that on June 7, 2018, Medina forced Plaintiff into a cell with prisoner, Dustin Miller, and threatened to pepper spray and drag Plaintiff into the cell if he did not enter willingly. (Doc. 24 at 3.) According to the complaint, Medina knew that Plaintiff was a convicted sex offender, and that Miller had voiced his desire to harm or kill a sex offender while in prison. (Doc. 24 at 4.) On June 12, 2018, Miller assaulted Plaintiff, breaking his nose and causing a concussion and various lacerations and contusions around Plaintiff's face and head. (Doc. 24 at 4.)

On April 27, 2021, the United States requested, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1), that the Court substitute the United States as Defendant in place of Medina for any acts and omissions alleged to have been committed by Medina. (Doc. 50.)  The Federal Tort Claims Act is the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).  Substitution is proper where the government certifies that the employee was acting within the scope of his employment. *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993).  The United States certified that Medina was acting within the scope of his employment as an employee of the Federal Bureau of Prisons (BOP) at the time of the matters giving rise to Plaintiff's lawsuit. (Doc. 50-1.) The Court granted the government's motion and substituted the United States as Defendant in place of Medina. (Doc. 53.)

Plaintiff asks the Court to reconsider its substitution of the United States for Medina. Plaintiff seeks *de novo* review of the United States' certification of Medina's scope of employment and limited discovery and an evidentiary hearing on that issue.  (Docs. 54, 55, 56, 57, 63.)

II. **Standard of Review**

The Attorney General's scope-of-employment certification is "is subject to *de novo* review by the district court." *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d

865, 875 (9th Cir. 1992). The party challenging the certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017). "To rebut the scope certification, a plaintiff must allege sufficient facts in the complaint "that, taken as true, would establish that the employee's actions exceeded the scope of his employment." *Id.* at 889 (cleaned up).

Determination of the scope of employment is generally a question of fact. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). To resolve factual disputes, the Court may hold evidentiary hearings and permit limited discovery, but only if the party challenging certification alleges sufficient facts in the complaint that, taken as true, establish the defendant's act exceeded the scope of employment. *Pelletier*, 968 F.2d at 874; *Saleh*, 848 F.3d at 892.

### III.   Discussion

To determine whether a federal employee acted within the scope of employment, the Court applies the "respondeat superior principles of the state in which the alleged tort occurred." *Green v. Hall*, 8 F.3d 695, 698-99 (9th Cir. 1993); *see Engler v. Gulf Interstate Eng'g, Inc.*, 280 P.3d 599, 602 (Ariz. 2012). Under Arizona law, an employee is acting within the scope of their employment when the employee is "(1) subject to the employer's control or right of control, and (2) acting in furtherance of the employer's business." *Engler v. Gulf Interstate Engineering, Inc.*, 259 P.3d 304, 309 (Ariz. Ct. App. 2011); *see also Engler v. Gulf Interstate Engineering, Inc.*, 280 P.3d 599, 602 (Ariz. 2012) (agreeing with the court of appeals that the Restatement (Third) § 7.07 sets forth the appropriate test for evaluating whether an employee is acting within the scope of employment, and adopting that test). "A forbidden or even consciously criminal or tortious act may still be within the scope of employment." *State v. Schallock*, 941 P.2d, 1275, 1285 (Ariz. 1997). The question is whether the act of the employee was "at least in part, motivated by the purpose to serve the master rather than solely to serve personal motives unconnected to the master's business." *Id.* at 1283.

Accepting Plaintiff's factual allegations in his complaint as true and applying Arizona law, the Court concludes Medina was acting within the scope of his employment with the Bureau of Prisons for the purposes of certification. It is undisputed that Medina was employed by the BOP and on duty at a BOP prison at the time he allegedly transferred Medina into a cell with Miller. Thus, Medina was subject to the BOP's control at the time of the incident. Plaintiff does not allege that Medina was acting for "*purely* personal and self-gratifying reasons," at the time of the cell transfer. In fact, Plaintiff acknowledges that Medina may have had "cause, justification, or authorization" to move Medina into the cell with Miller. (Doc. 54 at 15.) Moreover, even if Medina were to have been acting in part, for personal reasons, his conduct would still fall within his scope of employment. *See Schallock*, 941 P.2d at 1283 (stating that the acts of the employee need only be "in part, motivated by a purpose to serve the master").

For the foregoing reasons, the Court will deny Plaintiff's motion to reconsider, and Plaintiff's objection to, the Court's acceptance of the government's certification of Medina's scope of employment. The Court will also deny Plaintiff's requests for limited discovery and an evidentiary hearing. *See Saleh*, 848 F.3d at 892 (stating that limited discovery or an evidentiary hearing are necessary only if Plaintiff alleges sufficient facts that a defendant's actions were outside his or her scope of employment).

**IV.    Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel if his motions for limited discovery or an evidentiary hearing are granted. Because the motions will be denied, the Court will deny the motion for appointment of counsel as moot.

**V.    Motion to Withdraw Interlocutory Appeal**

On May 27, 2021, Plaintiff appealed this Court's May 12, 2021 ruling substituting the United States for Defendant Jose L. Medina. (Doc. 66.) On June 11, 2021, the Ninth Circuit dismissed Plaintiff' appeal for lack of jurisdiction. Because the Ninth Circuit dismissed Plaintiff's appeal, the Court will deny the motion to withdraw the appeal as moot.

**VI.  Conclusion**

IT IS ORDERED that Plaintiff's Motion for Reconsideration is **DENIED**.  (Doc. 63.)

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Defendant's Certification of Scope of Employment (Doc. 54), Motion for Limited Discovery (Doc. 55), Motion for Evidentiary Hearing (Doc. 56), and Motion for Appointment of Counsel for Limited Purpose (Doc. 57) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Plaintiff's Interlocutory Appeal (Doc. 76) is **DENIED** as moot**.**

Dated this 26th day of July, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge