WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads, | No. CV-20-00019-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

In this Order, the Court resolves several motions currently pending before the Court as set forth below.

**I.     Motion for Leave to Hold in Abeyance Plaintiff's Motion to Appoint Pro Bono Civil Counsel for Limited Purpose. (Doc. 107.)**

Plaintiff lodged a motion to appoint counsel and requests that the motion be held in abeyance until discovery on the merits is permitted.

To preserve judicial resources and manage the Court's docket, the Court will deny Plaintiff's motion without prejudice. Plaintiff may refile when and if warranted.

**II.    Motion to Subpoena Identity of Real Party in Interest (Docs. 120, 131.)[1]**

Plaintiff requests that the Court issue a subpoena for the current Warden of USP-Tucson to identify two individuals that Plaintiff seeks to substitute in place of Defendants Shartle and Eastwood.

General Order 18-19 provides:
[A]ny self-represented litigant who wishes to serve a subpoena must file a

---

[1] Plaintiff filed the same motion twice.

motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue. Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena.

Plaintiff has complied with General Order 18-19. Accordingly, the Court will grant Plaintiff's Motion, order the Clerk of Court to issue the subpoena at Doc. 120-1, and order the U.S. Marshal Service to serve the subpoena.

### III.     Motion for Clarification of Scheduling Order (Doc. 130)

Defendant United States seeks clarification as to (1) whether it may move to compel production of a preliminary expert witness affidavit, and (2) whether it may provide its responses and/or objections to Plaintiff's discovery request for the identities subpoenaed above. Because the only issue currently before the Court is exhaustion of administrative remedies, the Court finds it is premature for Defendant to file a motion to compel. However, Defendant must respond to Plaintiff's discovery requests insofar as they relate to the identities of the parties because this information may be relevant to exhaustion.

### IV.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Hold in Abeyance Plaintiff's Motion to Appoint Pro Bono Civil Counsel for Limited Purpose (Doc. 107) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Subpoena Identity of Real Party in Interest (Doc. 120) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's (Duplicative) Motion to Subpoena Identity of Real Party in Interest (Doc. 131) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification of Scheduling Order (Doc. 130) is **DENIED IN PART AND GRANTED IN PART** as set forth in this order.

**IT IS FURTHER ORDERED** that the Clerk of Court must issue the subpoena at

Doc. 120-1. The Clerk of Court must then forward the subpoena to the United States Marshal Service for service.

**IT IS FURTHER ORDERED** that the U.S. Marshal shall serve the subpoena on the warden of USP-Tucson at 9300 South Wilmot Road, Tucson, Arizona, 85756.

Dated this 28th day of February, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge