**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>Defendants. | No. CV-20-00019-TUC-JGZ<br><br>**ORDER** |

Pending before the Court are Plaintiff's "Renewal Motion for Appointment of Pro Bono Civil Counsel," Motion for Copy of Defendants' Motion for Summary Judgment, and Motion for Extension of Time. (Docs. 151, 152, 153.) Defendants filed a response. (Doc. 156). Also pending before the Court is Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Motions for Leave to Amend and Supplement Complaint. (Doc. 161.) The Court now rules on the motions as set forth in this order.

**I.     Motion to Appoint Counsel**

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as

the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel in this case at this time. Plaintiff has not shown that he is likely to succeed on the merits or that the issues presented related to exhaustion of administrative remedies are complex. Thus, the Court will deny Plaintiff's motion to appoint counsel.[1]

**II.   Motion for Copy of Defendants' Motion for Summary Judgment**

Plaintiff requests a copy of Defendants' motion for summary judgment. He states that he did not receive a copy from Defendants.

Defendants state that they served a copy on Plaintiff at the time of filing. Additionally, Defendants state that they sent him another copy in response to the pending motion. Defendants also state that they have confirmed with Plaintiff's unit manager that he has been provided with a copy of the motion for summary judgment. Plaintiff did not file a reply contesting Defendants' statements. Accordingly, the Court will deny the motion as moot.

**III.   Motion for Extension of Time to File Response**

Plaintiff requests an extension of time to file a response to the pending motion for summary judgment. Plaintiff states that he does not have a copy of the motion for summary judgment.

Because Plaintiff now has a copy of the motion for summary judgment as represented by Defendants, the Court will grant Plaintiff a 30-day extension from the date of this order.

//

---

[1] Plaintiff also argues that he needs counsel to litigate his case because he is unable to do so based on numerous allegations of retaliation by correctional officials. The proper remedy for an alleged claim of denial of access to the courts is a motion for injunctive relief, which Plaintiff filed and is currently being addressed. (Docs. 163, 164.)

### IV. Motion for Leave to File Surreply

Defendants request leave to file a surreply to address arguments raised for the first time in Plaintiff's reply. The Court will grant the motion for Defendants to file a surreply to address the new arguments.

### V. Conclusion

For the foregoing reasons,

**IT IS ORDERED:**

1. Plaintiff's "Renewal Motion for Appointment of Pro Bono Civil Counsel" (Doc. 151) is **DENIED**.

2. Plaintiff's Motion for Copy of Defendants' Motion for Summary Judgment (Doc. 152) is **DENIED**.

3. Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion for Summary Judgment (Doc. 153) is **GRANTED**.

4. Plaintiff must file his response to the pending motion for summary judgment within **30 days** of the date of this order.

5. Defendants' Motion for Leave to File Surreply in Opposition to Plaintiff's Motions for Leave to Amend and Supplement Complaint (Doc. 161) is **GRANTED**.

6. The Clerk of Court must file Defendants' Lodged Proposed Surreply. (Doc. 162.)

Dated this 2nd day of March, 2022.

Honorable Jennifer G. Zipps
United States District Judge