**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Christopher Justin Eads,

Plaintiff,

v.

United States of America, et al.,

Defendants.

No. CV-20-00019-TUC-JGZ

**ORDER**

Count Five of Eads' First Amended Complaint raises a state-law battery claim against Defendant Dustin Miller. (Doc. 23 at 10.) Eads alleges that, on or about June 12, 2018, his cellmate, Miller, intentionally struck him in the head and face while he was sleeping. (*Id.*) Only July 16, 2021, a Process Receipt and Return was filed, indicating that Miller was personally served with the First Amended Complaint and a summons. (Doc. 81.)

On September 30, 2022, the Court noted that Miller failed to answer the First Amended Complaint and that Eads had taken no action regarding Miller. (Doc. 190 at 20.) The Court directed Eads to enter an application for default judgment against Miller or show cause why Miller should not be dismissed. (*Id.*) Eads subsequently entered an application for default judgment against Miller. (Doc. 193.) Before the Court are two filings related to Eads' claim against Miller: the Clerk of Court's Entry of Default as to Miller (Doc. 205); and Miller's Motion for Limited Discovery. (Doc. 194.)

Upon further review of the Process Receipt and Return, the Court will set aside the Entry of Default as to Miller. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Judgment by default is a drastic step proper only in extreme circumstances; whenever possible, a case should be decided on the merits. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The July 16, 2021 Process Receipt does not show that Miller was personally served. The Process Receipt and Return states that the U.S. Marshals delivered the service packet to Lt. C. Matt, who personally served Miller, but lacks any statement or verification from Lt. C. Matt that service occurred. (*See* Doc. 81.) Furthermore, Miller appears to be requesting more information about this case. (*See* Doc. 194.) Miller's "motion for limited discovery" states that he "lacks the resources to certain information" and would "l[]ike information" from Assistant U.S. Attorney Michael Linton, the attorney for the United States, about this case. (*Id.*)

The Court will also deny Miller's Motion. Although filed as a motion, Miller addresses AUSA Linton, not the Court, and does not include the Court's caption, proper case number, and parties' names. (*See id.*) To the extent that Miller intended to file this request before the Court, the Motion is improper and fails to meet Rule 12 of the Federal Rules of Civil Procedure's requirement for responsive pleadings. *See* Fed. R. Civ. P. 12.

The Court will set aside the default judgment against Miller because it would be premature to prevent Count Five from being decided on its merits under the present circumstances. The Court will also deny Miller's improper motion and direct him to file a proper answer or motion responding to Count Five of Eads' First Amended Complaint.

**IT IS ORDERED:**

1. The Clerk of Court's Entry of Default as to Miller (Doc. 205) is **VACATED**.
2. Miller's Motion for Limited Discovery (Doc. 194) is **DENIED**.
3. The Clerk of Court shall deliver to Miller, with a copy of this Order, a copy of the First Amended Complaint (Doc. 23) and the

Administrative Office of the U.S. Courts' Pro Se 3 Form, "Defendant's Answer to the Complaint."

4. Within 60 days from the date of this Order, Miller shall file an answer responding to Count Five of Eads' First Amended Complaint, or file an otherwise responsive pleading pursuant to Rule 12 of the Federal Rules of Civil Procedure.

5. Miller's failure to fully and timely comply with this Order may result in a default judgment.

Dated this 22nd day of November, 2022.

Honorable Jennifer G. Zipps
United States District Judge

# UNITED STATES DISTRICT COURT

for the

__________ District of __________

__________ Division

| | | |
|---|---|---|
| _______________ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> **-v-** <br> _______________ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Case No. _______________ <br> *(to be filled in by the Clerk's Office)* <br> Jury Trial: *(check one)* ☐ Yes ☐ No |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

**I. The Parties Filing This Answer to the Complaint**

Provide the information below for each defendant filing this answer or other response to the allegations in the plaintiff's complaint. Attach additional pages if needed.

Name _______________

Street Address _______________

City and County _______________

State and Zip Code _______________

Telephone Number _______________

E-mail Address _______________

**II. The Answer and Defenses to the Complaint**

**A. Answering the Claims for Relief**

On a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph in the complaint, with paragraph 1 of the answer corresponding to paragraph 1 of the complaint, etc. For each paragraph in the complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

**B. Presenting Defenses to the Claims for Relief**

Write a short and plain statement identifying the defenses to the claims, using one or more of the following alternatives that apply.

1. The court does not have subject–matter jurisdiction over the claims because *(briefly explain why there is no federal–question jurisdiction or diversity–of–citizenship jurisdiction; see the complaint form for more information)*

2. The court does not have personal jurisdiction over the defendant because *(briefly explain)*

3. The venue where the court is located is improper for this case because *(briefly explain)*

4. The defendant was served but the process–the form of the summons–was insufficient because *(briefly explain)*

5. The manner of serving the defendant with the summons and complaint was insufficient because *(briefly explain)*

6. The complaint fails to state a claim upon which relief can be granted because *(briefly explain why the facts alleged, even if true, are not enough to show the plaintiff's right to recover)*

7. Another party *(name)* ______________________ needs to be joined (added) in the case. The reason is *(briefly explain why joining another party is required)*

a. If the basis for subject–matter jurisdiction is diversity of citizenship, state the effect of adding the other party:

The other party is a citizen of the State of *(name)* ____________ .

Or is a citizen of *(foreign nation)* ____________ . The amount of damages sought from this other party is *(specify the amount)* ____________ .

b. If the claim by this other party is based on an alleged violation of a federal constitutional or statutory right, state the basis:

## C. Asserting Affirmative Defenses to the Claims for Relief

Identify an affirmative defense or avoidance that provides a basis for the defendant to avoid liability for one or more of the plaintiff's claims even if the basis for the claim is met. Any affirmative defense or avoidance must be identified in the answer. Include any of the following that apply, as well as any others that may apply.

The plaintiff's claim for *(specify the claim)*

is barred by *(identify one or more of the following that apply)*:

1. Accord and satisfaction *(briefly explain)*

2. Arbitration and award *(briefly explain)*

3. Assumption of risk *(briefly explain)*

4. Contributory or comparative negligence of the plaintiff *(briefly explain)*

5. Duress *(briefly explain)*

6. Estoppel *(briefly explain)*

7. Failure of consideration *(briefly explain)*

8. Fraud *(briefly explain)*

9. Illegality *(briefly explain)*

10. Injury by fellow employee *(briefly explain)*

11. Laches (Delay) *(briefly explain)*

12. License *(briefly explain)*

13. Payment *(briefly explain)*

14. Release *(briefly explain)*

15. Res judicata *(briefly explain)*

16. Statute of frauds *(briefly explain)*

17. Statute of limitations *(briefly explain)*

18. Waiver *(briefly explain)*

19. Other *(briefly explain)*

**D. Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross–Claim)**

For either a counterclaim against the plaintiff or a cross–claim against another defendant, state briefly the facts showing why the defendant asserting the counterclaim or cross–claim is entitled to the damages or other relief sought. Do not make legal arguments. State how each opposing party was involved and what each did that caused the defendant harm or violated the defendant's rights, including the dates and places of that involvement or conduct. If more than one counterclaim or cross–claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. The defendant has the following claim against the plaintiff *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

2. The defendant has the following claim against one or more of the other defendants *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

3. State briefly and precisely what damages or other relief the party asserting a counterclaim or cross–claim asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons that are alleged to entitle the party to actual or punitive money damages.

a. The defendant asserting the counterclaim or cross–claim against *(specify who the claim is against)* ______ alleges that the following injury or damages resulted *(specify)*:

b. The defendant seeks the following damages or other relief *(specify)*:

## III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ______

Signature of Defendant ______

Printed Name of Defendant ______

### B. For Attorneys

Date of signing: ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Street Address ______

State and Zip Code ______

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset