**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads, | No. CV-20-00019-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court are multiple motions, including Defendants' Motion for Protective Order and Stay of Discovery (Doc. 198); Defendants' Motion to Modify Scheduling Order (Doc. 203); and Plaintiff's Motion for Order Overruling Objections to Interrogatories, Requests for Production, and Requests for Admission, and Compelling Answer. (Doc. 222.) For the reasons set forth below, the Court will grant Defendants' Motion for Protective Order and Stay of Discovery and deny the remaining two motions.

## I.    Background

On October 14, 2022, Plaintiff mailed his discovery requests to Defendants United States, Manwaring, and Ulbricht. (Docs. 198-1, 198-2, 198-3.) Plaintiff propounded on each defendant 234 requests for admission, a request for supporting documents for the 234 requests for admission, 32 separate requests for production, and 21 interrogatories with over 10 cumulative discrete subparts. (*Id.*) Two weeks later, Defendants filed a Motion for Protective Order and Stay of Discovery, requesting a protective order limiting Plaintiff to 10 requests for admission, 15 requests for production, and 25 interrogatories to each

1  Defendant. (Doc. 198 at 3.) Defendants also request a stay of discovery until the Court

2  rules on the Motion for Judgment on the Pleadings and Motion to Compel Preliminary

3  Expert Affidavit. (*Id.*) Finally, in a separate motion, Defendants request the Court modify

4  its scheduling order should it decline to stay discovery. (Doc. 203 at 1.)

5       Plaintiff responded, contending that his good-faith discovery requests were not

6  unduly burdensome, irrelevant, or disproportional to the needs of the case. (Doc. 212 at 5.)

7  Rather, Plaintiff argues, his discovery requests comply with the applicable Federal Rules

8  of Civil Procedure and reflect the needs of his complex case, which warrants extraordinary

9  relief. (*Id.*) Plaintiff also filed a Motion for Order Overruling Defendants' Objections,

10  reiterating Plaintiff's position on these discovery issues and requesting the Court compel

11  Defendants to answer. (Doc. 222) As for Defendants' request for a stay of discovery,

12  Plaintiff agrees. (Doc. 212 at 3.) Plaintiff takes no position as to Defendants' request to

13  modify the current scheduling order. (Doc. 229 at 2.)

14  **II.   Discussion**

15       The Court will grant Defendants' request for a protective order. "Parties may obtain

16  discovery regarding any nonprivileged matter that is relevant to any party's claim or

17  defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff's 234

18  requests for admission are neither proportional to the needs of the case nor a proper use of

19  Rule 36.[1] This case centers on a single incident that occurred on or about June 12, 2018,

20  and related allegations of mistreatment before and after the incident. (Doc. 23.) A limit of

21  25 interrogatories including discrete subparts,[2] 15 requests for production, and 10 requests

---

22  [1]  The 1970 Advisory Committee Note to Rule 36 states: "The very purpose of the request

23  is to ascertain whether the answering party is prepared to admit or regards the matter as
   presenting a genuine issue for trial." The Court seriously doubts each of the 234 requests

24  address a genuine issue for trial. Moreover, the Advisory Committee Note warns against
   excessive requests for admission: "[R]equests to admit may be so voluminous and so

25  framed that the answering party finds the task of identifying what is in dispute and what is
   not unduly burdensome. If so, the responding party may obtain a protective order under

26  Rule 26(c)."

27  [2]  "Unless otherwise stipulated or ordered by the court, a party may serve on any other

28  party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ.
   P. 33(a)(1). The Advisory Committee Notes add that "Parties cannot evade this

1   for admission are sufficient for a case of this complexity. *See Gutierrez-Valencia v. Ryan*,

2   No. CV-2000-376-PHX-JAT-DMF, 2021 WL 527377, at *3 (D. Ariz. Feb. 12, 2021)

3   (limiting pro se prisoner plaintiff to 25 interrogatories, 15 requests for production, and 10

4   requests for admission). Plaintiff fails to demonstrate that the needs of this case justify

5   hundreds of requests for admission and effectively hundreds of requests for production—

6   an extreme departure from the discovery limitations of similar prisoner civil-rights cases.

7   The Court will limit therefore Plaintiff's discovery requests. *See* Fed. R. Civ. P. 26(c) (the

8   court may enter protective orders to limit discovery).

9        The Court will also grant the stay of discovery. A court may, for good cause, issue

10   an order staying discovery to protect a party from annoyance, embarrassment, oppression,

11   or undue burden or expense. *See* Fed. R. Civ. P. 26(c). The decision to stay discovery

12   pending the resolution of a potentially dispositive motion is within the court's discretion.

13   *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). In light of the parties' agreement

14   that a stay is appropriate, the Court will grant the stay to prevent the undue burden of

15   conducting discovery on issues that may be resolved by the pending motions.

16        The Court will deny Defendants' Motion to Modify Scheduling Order and

17   Plaintiff's Motion for Order Overruling Objections to Interrogatories, Requests for

18   Production, and Requests for Admission; and Compelling Answer. As Defendants state in

19   their Motion, the issue of modifying the scheduling order is moot given the stay of

20   discovery. (Doc. 203 at 1.) The Court will set new deadlines upon the resolution of

21   Defendants' Motion for Judgment on the Pleadings and Motion to Compel Preliminary

22   Expert Affidavit. For the reasons stated above, including that Plaintiff's discovery requests

23   are disproportionate to the needs of this case, the Court will also deny Plaintiff's request

24   that the Court overrule Defendants' objections and compel Defendants to answer.

25   //

26   ───────────────

27   presumptive limitation through the device of joining as 'subparts' questions that seek
information about discrete separate subjects." Interrogatory subparts will only be counted
as one interrogatory if they are factually or logically subsumed within and necessarily

28   related to the primary question. *See Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev.
1991).

**III.     Conclusion**

For the foregoing reasons,

**IT IS ORDERED:**

1.      Defendants' Motion for Protective Order and Stay of Discovery (Doc. 198) is **granted**. The Court will resume discovery and set new discovery deadlines upon the resolution of Defendants' Motion for Judgment on the Pleadings and Motion to Compel Preliminary Expert Affidavit. At that time, Plaintiff may propound on each defendant no more than 25 interrogatories, 15 requests for production, and 10 requests for admission.

2.      Defendants' Motion to Modify Scheduling Order (Doc. 203) is **denied** as moot.

3.      Plaintiff's Motion for Order Overruling Objections to Interrogatories, Requests for Production, and Requests for Admission, and Compelling Answer (Doc. 222) is **denied**.

Dated this 9th day of December, 2022.


_____
Honorable Jennifer G. Zipps
United States District Judge