**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads, | No. CV-20-00019-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court are the United States' Motion to Compel Preliminary Expert Affidavit (Doc. 195) and Eads' Motion for Leave to File Motion for Appointment of Counsel.[1] (Doc. 214.) The Court will address each in turn.

## I.      Motion to Compel Preliminary Expert Affidavit

The Court will grant the United States' Motion because an expert opinion is necessary to establish the elements of negligence and causation for Eads' medical-negligence claim in Count Ten.

### A.      Background

In Count Ten of his First Amended Complaint, Eads alleges a claim of medical negligence under Arizona law. (Doc. 23 at 13.) Eads claims United States Penitentiary-Tucson's Emergency Medical Care Technician (EMCT) Justin Alexander failed to exercise the acceptable standard of care when examining him after he was reportedly attacked by a

---

[1] Eads filed a Motion for Leave to File Motion for Appointment of Counsel (Doc. 214) and attached a Motion for Appointment of Counsel (Doc. 214-1), which, in the interest of judicial economy, the Court will construe as a Motion for Appointment of Counsel.

cellmate. (*Id.*; Doc. 213 at 1.) According to Eads, this negligence caused him pain and suffering until he received proper medical treatment sixteen days later. (Doc. 23 at 13.)

After screening Eads' First Amended Complaint, the Court directed the parties to exchange initial disclosures. (Doc. 94 at 1.) Eads served initial and supplemental disclosures but did not include a preliminary expert opinion affidavit. (*See* Docs. 195 at 2; 213 at 3.) Instead, Eads filed a notice and affidavit stating an expert opinion was unnecessary. (Docs. 103, 103-1.)

The parties do not dispute that Eads' Count Ten is a tort claim brought under the Federal Tort Claims Act (FTCA), which applies Arizona law to the United States in the same manner and to the same extent as a private individual under like circumstances.[2] (*See* Docs. 195 at 3–4; 213 at 8.) The parties also do not dispute that, under the FTCA, Arizona Revised Statute § 12-2603 governs Eads' tort claim for medical negligence. (*See* Docs. 195 at 3–4; 213 at 8.) For medical-negligence claims, § 12-2603 requires plaintiffs to file and serve a certified written statement on whether expert opinion testimony is necessary to prove the health care professional's standard of care or liability.

The United States argues in its Motion and Reply that the Court should compel Eads to produce a preliminary expert opinion affidavit because Eads needs expert opinion testimony to establish negligence and causation. (*See* Docs. 195, 220.) Eads argues he timely filed a written statement asserting expert opinion testimony is unnecessary and the Court should deny the United States' Motion because EMCT Alexander's grossly apparent negligence would be obvious to a layperson. (Doc. 213 at 3, 8.)

**B.   Legal Standard**

A plaintiff establishes medical negligence by proving that (1) "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances"; and (2) "[s]uch failure was a proximate cause

---

[2] *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of [the Federal Tort Claims Act], in the same manner and to the same extent as a private individual under like circumstances.").

of the injury." Ariz. Rev. Stat. § 12-563. A preliminary expert opinion affidavit must address, among other things, these two elements; that is, how the health care professional was negligent and how that negligence caused plaintiff's damages. *See id.* § 12-2603.

A plaintiff need not obtain a preliminary expert opinion affidavit or expert opinion testimony for negligence or causation that is "readily apparent" or "common knowledge" to a layperson. *See Rasor v. Nw. Hosp., LLC*, 403 P.3d 572, 578 (Ariz. 2017) (readily apparent); *Seisinger v. Siebel*, 203 P.3d 483, 492 (Ariz. 2009) (common knowledge); *Peacock v. Samaritan Health Serv.*, 765 P.2d 525, 528 (Ariz. Ct. App. 1988) (grossly apparent to a layperson).

Under § 12-2603, when a plaintiff files a written statement stating expert opinion testimony is unnecessary, a defendant may file a motion requesting the court to compel the plaintiff to obtain and serve a preliminary expert opinion affidavit.

### C.   Discussion

For his medical-negligence claim, Eads asserts EMCT Alexander examined him hours after his assault. (Doc. 213 at 4.) However, according to Eads, EMCT Alexander did not offer proper medical treatment but merely told him to ice his injuries and follow up at sick call as needed. (Doc. 213 at 4, 10.) As a result of this alleged negligence, Eads' suffering continued and his injuries went untreated until weeks later, when he was eventually transferred to the emergency room. (*See* Doc. 213 at 4–5, 10.) Eads' injuries, as documented by emergency room providers, included visual disturbances, nasal deformity, and nasal and facial fractures. (Doc. 213 at 5.) The Court will require Eads to obtain and serve a preliminary expert opinion affidavit because negligence and causation from these allegations are not readily apparent to a layperson.

First, the standard of care for an EMCT is not readily apparent to a layperson. *See Cutler v. Cnty. of Pima*, No. CV-18-00383-TUC-JCH, 2021 WL 2685616, at *8 (D. Ariz. June 30, 2021). It is not readily apparent to a layperson what EMCT Alexander's standard of care was when he examined Eads after the assault. A layperson, for instance, could not determine whether EMCT Alexander violated the EMCT standard of care by telling Eads

to seek additional care as needed at sick call rather than immediately transporting him to the emergency room. Without expert opinion testimony on the standard of care for an EMCT, Eads cannot establish negligence.

Second, causation here is not readily apparent to a layperson. Causation is readily apparent when it is a matter of common knowledge that the injury a plaintiff suffered would not have ordinarily occurred if reasonable care had been exercised. *Seisinger*, 203 P.3d at 492. Here, it is neither readily apparent nor common knowledge that, if EMCT Alexander had provided Eads with better treatment or transferred him to an emergency room, Eads would not have suffered the claimed injuries. Eads had, in fact, already incurred the facial injuries during his assault, *prior* to EMCT Alexander examining him. It is not obvious to a layperson which of Eads damages were caused by his assailant and which, if any, were caused by EMCT Alexander's reported failure to provide better medical treatment. Expert opinion testimony is thus necessary for Eads to establish causation.

Because expert opinion testimony is necessary for Eads to establish negligence and causation, the Court will direct Eads to obtain and serve a preliminary expert opinion testimony pursuant to § 12-2603.

## II.    Motion for Leave to File Motion for Appointment of Counsel

Eads requests the Court appoint him counsel for the limited purpose of obtaining an expert opinion for his medical-negligence claim in Count Ten. (Doc. 214-1 at 5.) The Court will deny Eads' request because he fails to establish that he cannot afford an attorney, that he has made efforts to hire an attorney, and that his medical-negligence claim will likely be successful on the merits.

There is no constitutional right to the appointment of counsel in a civil case. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court denied Eads' Application to Proceed In Forma Pauperis and Eads paid the filing fees

1    in full. (*See* Docs. 9 at 2; 16 at 8; 20 at 1.) The provisions of § 1915(e)(1) relating to
2    appointment of counsel thus do not apply to Eads.[3]

3           Courts generally look to three factors in determining whether to appoint counsel for
4    civil litigants not proceeding in forma pauperis: (1) the plaintiff's financial resources; (2)
5    the plaintiff's efforts to secure counsel on his own; and (3) the merit of the plaintiff's claim.
6    *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Eads has neither
7    established that he lacks financial resources nor shown that he has made efforts to secure
8    counsel on his own. Further, Eads has not demonstrated the likelihood of success on the
9    merits. As Eads points out, he adequately pled a medical-negligence claim. (*See* Doc. 214
10   at 1.) Still, the likelihood of success on the merits for this claim remains unclear as the
11   parties have not completed discovery or briefed summary judgment on the merits. As
12   discussed above in Part II, Eads' medical-negligence claim cannot survive summary
13   judgment without an expert opinion, and thus the Court will require a preliminary expert
14   opinion affidavit.

15          The Court recognizes that the likelihood of success on the merits for this claim may
16   turn on Eads hiring an expert. In that way, expert testimony has become both a prerequisite
17   and suggested purpose for the appointment of counsel. The fact remains that Eads has
18   neither established on the present record the likelihood of success on the merits for his
19   medical-negligence claim nor demonstrated that, even with counsel, he would likely be
20   able to obtain an expert opinion supporting this claim. The Court therefore sees no basis
21   for appointment of counsel at this time.

22   //
23   //
24   //

25

26   [3] Even if Eads were proceeding in forma pauperis, the Court would still deny the Motion.
     When determining whether to appoint counsel under *Terrell*, courts look to the likelihood
27   of success on the merits and the petitioner's ability to articulate his claims in light of the
     complexity of the legal issues involved. 935 F.2d at 1017. Here, Eads fails to show the
28   likelihood of success on the merits. Eads has also "demonstrated sufficient writing ability
     and legal knowledge to articulate his claim." *See Terrell*, 935 F.2d at 1017.

1    **III.    Conclusion**

2        Accordingly,

3        **IT IS HEREBY ORDERED:**

4        1.      The United States' Motion to Compel Preliminary Expert Affidavit (Doc.

5    195) is **granted**.

6        2.      Eads must obtain and serve a preliminary expert opinion affidavit pursuant

7    to Arizona Revised Statute § 12-2603 within **90 days** from the date of this Order.

8        3.      Eads' Motion for Leave to File Motion for Appointment of Counsel (Doc.

9    214) is **denied**.

10       Dated this 26th day of January, 2023.

11

12

13

14                                        Honorable Jennifer G. Zipps
                                          United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28