**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Justin Eads, | No. CV-20-00019-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

Pending before the Court are four motions filed by Plaintiff Christopher Justin Eads: (1) Motion to Appoint Counsel (Doc. 241); (2) Motion to Appoint Counsel (Doc. 246); (3) Motion to Stay (Doc. 251); and (4) Motion to Impeach (Doc. 252). For the reasons set forth below, the Court will deny these motions.

**I.  Background**

On April 3, 2023, Eads filed a Motion to Appoint Counsel, requesting the Court appoint him pro bono counsel for this entire action. (Doc. 241 at 1.) Eads alleges Bureau of Prison (BOP) staff have retaliated against him because of his many lawsuits, assaulted him, placed him in the Special Housing Unit (SHU), withheld his mail, and denied him access to the telephone, legal resources, and his legal documents. (*See* Doc. 241 at 5–6, 11–12.) Eads thus argues he can no longer represent himself. (*Id.* at 13.)

In an April 19, 2023 Order, the Court directed the government to file a response to Eads' Motion to Appoint Counsel. (Doc. 244 at 4–5.) On May 3, 2023, the government stated in its Response that Eads had no telephone restrictions, maintained reasonable access

to the law library, could access legal materials in his cell and in storage, and continued to send and receive legal mail. (Doc. 247 at 3.) The government supported its response with a declaration by Ariana Arbona, a Unit Manager at Federal Correctional Institution (FCI) Fairton, New Jersey, where Eads is housed. (Doc. 247-1.) Two weeks later, the government filed a Notice of Errata, stating that Eads was erroneously prohibited from using the telephone, but those restrictions were lifted as of May 15, 2023. (Doc. 249 at 2.)

Eads filed another Motion to Appoint Counsel, titled as a Motion for Emergency Relief (Doc. 246); a Motion to Stay (Doc. 251); and a Motion to Impeach Arbona's declaration (Doc. 252). Eads' second Motion to Appoint Counsel repeats many of the same arguments he presented in his first motion. (*Compare* Doc. 241 *with* Doc. 246.) In his Motion to Stay, Eads argues a stay is warranted because BOP staff tampered with his legal mail, denied him access to the discovery requests he was drafting, and only gave him access to the law library for about 20 minutes monthly. (Doc. 251 at 2–4.) In his Motion to Impeach, Eads requests the Court impeach all statements in Arbona's declaration as being perjured testimony. (Doc. 252 at 7.)

In a May 25, 2023 Order, the Court directed the government to file a response to Eads' Motion to Stay and Motion to Impeach, confirming: (1) the amount of time per week Eads may access the law library; (2) the amount of time per week Eads may access his legal documents in storage; (3) whether Eads may keep a portion of the legal documents for this case in his cell, including the discovery responses he was drafting; and (4) how often, if at all, Eads may exchange the documents in his cell for documents in storage. (Doc. 253 at 2.) The Court also directed the government to provide an updated chart of the legal mail Eads has received since January 10, 2023, and explain any discrepancies between filings in this Court, which were mailed to Eads, and the absence of any record of Eads' receipt of those mailed documents. (*Id.*)

In its Response, the government stated the following:
1.     Eads may spend a total of five to ten hours per week in the Electronic Law Library (ELL), absent unusual circumstances. The Senior Officer

        Specialist, who documents Eads' requests to use the ELL, does not recall Eads complaining about a lack of access to the ELL. (Doc. 256 at 2–3.)

2.    Eads may request access to his legal documents held in storage three times a week or more, and Eads has only once requested to view his excess legal property. (Doc. 256 at 3–4.)

3.    Eads may keep up to one total cubic foot of legal materials related to any legal case in his cell at any given time. (*Id.* at 4.)

4.    Eads may exchange his legal documents with those in storage three times a week or more. (*Id.*)

The government also explained that orders mailed by the Clerk of Court are not processed as special legal mail. (*Id.* at 4–6.) Consequently, BOP does not document Eads' receipt of this legal mail, and the absence of any record of Eads' receipt of orders mailed from the Court does not mean that Eads has not received those orders. (*Id.*) Further, the government asserts that Eads receives and sends mail with no interference from BOP staff. (*Id.* at 7.)

## II.     Discussion

The Court will address separately Eads' Motions to Appoint Counsel, Motion to Impeach, and Motion to Stay.

There is no constitutional right to the appointment of counsel in a civil case. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Courts generally look to three factors in determining whether to appoint counsel for civil litigants not proceeding in forma pauperis:[1] (1) the plaintiff's financial resources; (2) the plaintiff's efforts to secure counsel on his own; and (3) the merit of the plaintiff's claim. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Eads has neither shown that he lacks financial resources nor described what efforts he has made to secure counsel on his own. What is more, Eads has failed to demonstrate the likelihood of success on the merits. Eads' request for

---

[1] The Court denied Eads' Application to Proceed In Forma Pauperis and Eads paid the filing fees in full. (*See* Docs. 9 at 2; 16 at 8; 20 at 1.) The provisions of 28 U.S.C. § 1915(e)(1) relating to appointment of counsel thus do not apply to Eads.

appointment of counsel rests on his unsupported assertion that BOP has restricted his access to the courts by tampering with his legal mail and preventing him from accessing his legal documents and the law library. (*See generally* Docs. 241, 246.) The government presents evidence showing that Eads has access to a legal library, his legal documents (even those in storage), and legal mail. (*See* Docs. 256, 256-1, 256-2, 256-3). The Court will therefore deny Eads' Motions for Appointment of Counsel.

In ruling on these motions, the Court relies on the documents filed by the government on June 14, 2023, (*see id.*), rather than Arbona's May 3, 2023 declaration. Eads' Motion to Impeach Arbona's declaration will thus be denied as moot.

Finally, Eads argues the Court should stay this action for three main reasons: "[his] legal mail is being tampered with," (Doc. 251 at 2), "[he] is continually denied any access or retention of his requested legal documents," (*id.* at 3), and "[he] has no legal resources," (*Id.* at 6). These allegations, as discussed above, do not find support. Eads has not demonstrated that he cannot participate in or proceed with discovery without counsel. The Court will deny Eads' Motion to Stay but extend the expert witness disclosure deadlines, one of which has passed as Eads waited for the Court's rulings on these pending motions.

**III.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED:**

1. Eads' Motion to Appoint Counsel (Doc. 241) is **denied.**
2. Eads' Motion to Appoint Counsel (Doc. 246) is **denied.**
3. Eads' Motion to Stay (Doc. 251) is **denied.**
   a. Eads must disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by **August 15, 2023**.
   b. Defendants must disclose all expert witnesses and their Rule 26(a)(2) Reports by **September 15, 2023**.

      c.    All other deadlines, including the **October 1, 2023** discovery deadline and **November 1, 2023** dispositive motion deadline, remain unchanged.

4. Eads' Motion to Impeach (Doc. 252) is **denied** as moot.

Dated this 14th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge