**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Christopher Justin Eads,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>　　　　　Defendants. | No. CV-20-00019-TUC-JGZ<br><br>**ORDER** |

Pending before the Court are four motions: (1) Eads' Motion for Extension of Time to File Preliminary Expert Affidavit (Doc. 279), which Defendant United States opposes (Doc. 282); (2) Eads' Motion to Appoint Counsel for Limited Purpose (Doc. 280), which the United States opposes to the extent that granting the motion would extend Eads' deadline to produce a preliminary expert affidavit (Doc. 283); (3) Eads' Motion for Extension of Time to File Response to the United States's Motion to Dismiss (Doc. 281), which the United States does not oppose (Doc. 284); and (4) the United States's Unopposed Motion for Extension of Time to Extend Scheduling Order (Doc. 287). The Court will address each motion in turn.

**I.     Eads' Motion for Extension of Time to File Preliminary Expert Affidavit**

On October 25, 2021, Eads' served an initial disclosure statement without including a preliminary expert witness affidavit for his medical-negligence claim. (*See* Doc. 195 at 2.) One year later, the United States filed a motion to compel Eads to obtain a preliminary expert affidavit. (*Id.*) On January 26, 2023, the Court granted the United States's motion

to compel and directed Eads to obtain and serve a preliminary expert opinion affidavit by April 26, 2023. (Doc. 239 at 6.) On April 19, 2023, the Court entered a scheduling order and directed Eads to disclose all expert witnesses by July 1, 2023. (Doc. 244 at 9.) On July 14, 2023, the Court extended that deadline and directed Eads to disclose all expert witnesses by August 15, 2023. (Doc. 260 at 4.) One month after that deadline passed, Eads filed the present Motion to Extend Time to File Preliminary Expert Affidavit. (Doc. 279.)

In the Motion, Eads argues the Court should grant him an extension because he was (1) in the Special Housing Unit (SHU) for six months; (2) in transit to a new facility during August 2023; (3) busy drafting documents for his other legal cases during September 2023; and (4) unable, at all times, to obtain an expert without counsel. (*Id.*) These arguments are unpersuasive and fail to justify an extension when Eads has already received eight months of additional time to obtain a preliminary expert affidavit. As discussed by the Court in a previous order, Eads failed to demonstrate that he could not proceed with discovery without counsel while in the SHU. (Doc. 260 at 4.) Eads' transit and preoccupation with his other cases occurred in August and September 2023. Thus, they offer no excuse for Eads' failure to obtain an expert affidavit during the six months prior to the August 15, 2023 deadline. And, as discussed below, Eads' has not established that he requires the appointment of counsel. The Court will therefore deny Eads' Motion to Extend Time.

## II. Eads' Motion to Appoint Counsel for Limited Purpose

In his Motion to Appoint Counsel for Limited Purpose, Eads requests that the Court appoint him pro bono counsel for the purpose of obtaining a preliminary expert affidavit and responding to any motions filed by the United States based on the Arizona statute that requires preliminary expert affidavits for medical-negligence tort claims. (Doc. 280.) There is no constitutional right to the appointment of counsel in a civil case. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). Courts generally look to three factors in determining whether to appoint counsel for civil litigants not proceeding in forma pauperis[1]: (1) the plaintiff's

---

[1] The Court denied Eads' Application to Proceed In Forma Pauperis and Eads paid the filing fees in full. (*See* Docs. 9 at 2; 16 at 8; 20 at 1.) The provisions of 28 U.S.C. § 1915(e)(1) relating to appointment of counsel thus do not apply to Eads.

financial resources; (2) the plaintiff's efforts to secure counsel on his own; and (3) the merit of the plaintiff's claim. *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). First, although Eads asserts that he contacted four law firms regarding pro bono representation, all of these efforts took place from December 2019 to July 2021. (Doc. 280 at 4–5.) It appears that Eads has made no effort in the last two years—and no effort after the Court's most recent orders denying his requests for appointment of counsel—to seek counsel on his own.

More importantly, Eads has not shown a likelihood of success on the merits. As Eads points out, his medical-negligence claim survived the Court's screening process and the United States's Motion for Summary Judgment on exhaustion of administrative remedies. (*Id.* at 6.) Yet neither screening nor review of exhaustion of administrative remedies addressed the merits of his claim. As for the merits, Eads states only that he believes the United States's employee deviated from the applicable standard of care and that an expert affidavit will confirm this. He offers no other rationale, evidentiary support, or objective basis to demonstrate the merits of his medical-negligence claim.

For these reasons, the Court will deny Eads' Motion to Appoint Counsel.

**III.     Eads' Motion for Extension of Time to File Response to the Motion to Dismiss**

Eads requests an extension of time to file a response to the United States's Motion to Dismiss, in part because he reportedly has not received a copy of the Motion to Dismiss. (Doc. 281 at 2.) The Court will grant Eads one extension of 21 days to respond to the United States's Motion to Dismiss and direct the Clerk of Court to provide Eads with a copy of the Motion to Dismiss.

**IV.     United States's Motion for Extension of Time to Extend Scheduling Order**

The United States filed an Unopposed Motion, requesting that the Court extend the current case deadlines for discovery and dispositive motions by one month. Finding good cause for this extension, the Court will grant the United States's Motion.

//

//

**V.    Conclusion**

Accordingly,

**IT IS ORDERED:**

1. Eads' Motion for Extension of Time to File Preliminary Expert Affidavit (Doc. 279) is **denied**.

2. Eads' Motion to Appoint Counsel for Limited Purpose (Doc. 280) is **denied**.

3. Eads' Motion for Extension of Time to File Response to the United States of America's Motion to Dismiss (Doc. 281) is **granted**. Eads shall file a response to the United States's Motion to Dismiss within **21 days** from the date of this Order.

4. The United States's Motion for Extension of Time to Extend Scheduling Order (Doc. 287) is **granted**. The parties' deadline to complete all discovery is **November 3, 2023**. The parties' deadline to file dispositive motions is **December 1, 2023**. All other deadlines from the Court's April 19, 2023 Order (Doc. 244) remain unchanged.

5. The Clerk of Court shall mail to Eads, with this Order, a copy of the United States's Motion to Dismiss (Doc. 269).

Dated this 4th day of October, 2023.

_Jennifer Zipps_
Jennifer G. Zipps
United States District Judge